UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | MEMORANDUM OF LAW AND ORDER |
| v. | Crim. No. 19-CR-168(2) (MJD) |
| RAYMOND EMMET PORTZ, | |
| Defendant. | |

LeeAnn K. Bell, Assistant United States Attorney, for the Government.

Defendant is *pro se.*

I.INTRODUCTION

This matter is before the Court on Defendant Raymond Emmet Portz's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. (Doc. 778.) The Government has responded to Defendant's Motion and Defendant has filed a reply to the Government's response. (Doc. Nos. 785, 792.) For the reasons stated below, the Court will deny Defendant's Motion.

1

## II.     BACKGROUND

On June 20, 2019, an Indictment was filed charging ten individuals, including Defendant, with one count of conspiring to distribute methamphetamine.  (Doc. 20.)  On July 14, 2020, Defendant pled guilty to the single count found in the Indictment.  (Doc. Nos. 375, 377.)  On May 11, 2021, this Court sentenced Defendant to 188 months in BOP custody followed by five years of supervised release.  (Doc. 638.)

Defendant was represented by a single lawyer during the pendency of his case, Frederick Goetz (hereinafter, "Counsel").

After his sentencing, Counsel filed a timely notice of appeal on Defendant's behalf.  (Doc. 652.)  The appeal raised several claims related to Defendant's sentence.  See United States v. Portz, 21-2122 (8th Cir.) (7/16/2021 Petitioner Brief).  Relevant here, Defendant argued that his 188-month sentence was substantively unreasonable because the District Court failed to consider some of Defendant's personal characteristics, that there was no need for the sentence imposed, and that the sentence failed to avoid unwarranted sentencing disparities.  Id. at 23–29.

On June 9, 2022, the Eighth Circuit denied Defendant's appeal and affirmed the Court's sentence in a written opinion. See United States v. Portz, 21-2122 (8th Circuit) (6/9/2022 Per Curiam Opinion). On the issue of substantive reasonableness, the court reasoned as follows:

> The district court calculated a total offense level of 37 and a criminal history category of IV, resulting in a Guidelines range of 292 to 365 months. The court determined, however, that the criminal history calculation overstated the seriousness of Mr. Portz's prior convictions and that Mr. Portz should receive a downward variance based on the disparity between how the Guidelines treat methamphetamine mixtures and pure methamphetamine. Therefore, the district court sentenced Mr. Portz as if he had a total offense level of 35, a criminal history category of II, and a Guideline range of 188 to 235 months. Ultimately, the court sentenced Mr. Portz to 188 months' imprisonment. This below-Guidelines sentence was substantively reasonable.

Id. at 4.

On June 10, 2022, the day after the Eighth Circuit issued its opinion, Counsel sent a letter to Defendant attaching the opinion. (Goetz Aff., Ex. 1.) The letter addressed the possibility of filing further petitions for en banc review before the Eighth Circuit and/or a certiorari petition to the United States Supreme Court, along with Counsel's advice regarding the likely outcomes of any such petitions. (Id.) Counsel also advised Defendant that he would be filing a motion to withdraw, but that Defendant was free to "seek further review on

3

[his] own and proceed pro se." (Id.) Along with the letter, Counsel provided Defendant with information about the legal standards for petitions seeking en banc review and for a writ of certiorari, and information from both the Eighth Circuit and the United States Supreme Court about proceeding pro se in front of those courts. (Id.)

Also on June 10, 2022, Counsel filed his motion to withdraw before the Eighth Circuit. See United States v. Portz, 21-2122 (8th Cir.) (6/10/2022 Motion to Withdraw). In his motion, Counsel advised the Court that he had informed Defendant of the Order denying his appeal and his rights to file petitions for both rehearing en banc and certiorari on a pro se basis. Id. at 2. Counsel also noted that he had informed Defendant that he would not be filing any further petitions on Defendant's behalf and would be filing a motion to withdraw instead. Id. Counsel then informed the Eighth Circuit that he had advised Defendant on pro se filing procedures and moved the Court for a 28-day extension for Defendant to make any pro se filings so that Defendant would have time to make any filings he might choose to make after Counsel withdrew. Id.

On June 14, 2022, the Eighth Circuit granted Counsel's motion to withdraw and also granted the requested extension of time for Defendant to make any pro

4

se filings. See United States v. Portz, 21-2122 (8th Circuit) (6/14/2022 Order Granting Motion to Withdraw). On June 15, 2023, Counsel sent another letter to Defendant informing him that the Eighth Circuit had granted his motion to withdraw and the extension for Defendant to make further pro se filings. (Goetz Aff. Ex. 2.)

Defendant failed to make any pro se filings before the Eighth Circuit or in any other court after Counsel withdrew.

Defendant filed the present Motion under 28 U.S.C. § 2255 nearly six months later, on December 27, 2022. (Doc. 778.) On January 17, 2023, the Court granted the Government's Motion for an Order Finding Waiver of Attorney-Client Privilege. (Doc. 782.)

### III. DISCUSSION

#### A. Legal Standard – 28 U.S.C. § 2255

28 U.S.C. § 2255 requires a prisoner to show that he has the right to be released because:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

28 U.S.C. § 2255.

"[I]n a § 2255 motion the burden of proof is on the petitioner to show that his sentence must be vacated." Cassidy v. United States, 428 F.2d 585, 587 (8th Cir. 1970). The Eighth Circuit has explained,

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

A petitioner is not entitled to an evidentiary hearing on a § 2255 motion where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

### B.     Legal Standard – Ineffective Assistance of Counsel

To gain relief for ineffective assistance of counsel, Defendant must establish both that his counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance prejudiced his defense.

Strickland v. Washington, 466 U.S. 668, 678–88 (1984).  The burden is on Defendant to establish a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different."  Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable."  Thai v. Mapes, 412 F.3d 970, 978 (8th Cir. 2005) (quoting Strickland, 466 U.S. at 687).

The Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice."  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).  And "counsel's failure to advance a meritless argument cannot constitute ineffective assistance."  Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

    C.    **Defendant's Motion**

In his § 2255 Motion, Defendant argues that he received ineffective assistance of counsel during his appeal based on two grounds:  (1) Defendant argues that his Counsel failed to point out to the Eighth Circuit that it did not address his argument that his 188-month sentence resulted in an unwarranted

sentence disparity with the sentences of his co-defendants and with the sentences for methamphetamine trafficking cases nationally; and (2) Defendant argues that his Counsel was ineffective for failing to petition the Eighth Circuit for panel rehearing or rehearing en banc, or file a petition for a writ of certiorari to the United States Supreme Court.

> **1.   Ground One – Failure to Raise the Eighth Circuit's Alleged Failure to Address Defendant's Unwarranted Sentencing Disparities Argument**

Defendant's first argument fails because his Counsel in fact did argue to the Eighth Circuit that the sentence this Court imposed was substantively unreasonable and resulted in unwarranted sentencing disparities.  See United States v. Portz, 21-2122 (8th Circuit) (7/16/2021 Petitioner Brief at 23–29). Accordingly, the Eighth Circuit did not "inadvertently overlook[]" Defendant's sentencing disparity argument, as Defendant now claims.  (See Doc. 778 at 7.) Rather, Counsel presented this argument to the Eighth Circuit, and the Eighth Circuit considered it—and rejected it—as part of resolving the issue of substantive reasonableness as a whole.  Thus, Defendant's Counsel cannot have been ineffective for failing to petition for panel rehearing or en banc review to

address this argument when the first Eighth Circuit panel had already considered the argument and rejected it.

Defendant cites Kamara v. I.N.S., 149 F.3d 904, 906 (8th Cir. 1998). In Kamara, the Eighth Circuit found that the Board of Immigration Appeals abused it discretion by failing to consider an adequate notice argument raised by the plaintiff during his immigration proceedings. Id. at 906. The Court reasoned that the BIA must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Id. (quoting Rodriguez-Rivera v. I.N.S., 993 F.2d 169, 170 (8th Cir. 1993)). Kamara is inapplicable here because, as explained above, the Eighth Circuit did consider Defendant's sentencing disparity argument as part of its assessment of the larger issue of substantive reasonableness.

Defendant goes on to describe the sentences of some of his co-defendants, including sentences of 210 months, 200 months, and 180 months. (Doc. 792 at 12–14.) He argues that this Court must have failed to consider unwarranted sentencing disparities in its application of the sentencing factors under 18 U.S.C. § 3553(a) because one of his co-defendants received a 180-month sentence and had a worse criminal history than Defendant.

Defendant is incorrect; this Court considered potential sentencing disparities in sentencing Defendant and imposed a sentence based on an individualized assessment of the § 3553(a) sentencing factors, including the determination that Defendant was a "supervisor" in the drug-trafficking conspiracy at issue. This process resulted in a 188-month sentence, a significant downward variance from the Guidelines sentencing range of 292 to 365 months applicable to Defendant at the time.

### 2. Ground Two – Counsel's Alleged Failure to File Further Appeals

The Government argues that Defendant's second ground for relief also fails to demonstrate a basis for granting his § 2255 Motion. Defendant's Counsel was not required to file a motion for en banc review or a petition for a writ of certiorari to the Supreme Court because the Eighth Circuit had already granted Counsel leave to withdraw from the case prior to the deadline for filing these additional appeals. See Portz, 21-2122 (6/14/2022 Order Granting Motion to Withdraw). It was, therefore, Defendant's responsibility to file such appeals if he believed they had merit.

The record conclusively demonstrates that Counsel appropriately advised Defendant of his Motion to Withdraw in his June 10, 2023 letter and provided

10

Defendant with the information he needed to file further pro se appeals. Counsel even requested a 28-day extension from the Eighth Circuit so that Defendant would have additional time to file a pro se petition for rehearing or en banc review. Id.

Finally, as explained above, Counsel cannot have been ineffective for failing to file further appeals that lacked merit. See Rodriguez, 17 F.3d at 226. Given that the Court had already given Defendant a significant downward variance at sentencing, any additional arguments regarding the substantive reasonableness of Defendant's sentence that Counsel might have presented to the Eighth Circuit would not have altered the outcome of Defendant's appeal. See United States v. Portz, No. 21-2122, 2022 WL 2093856, at *2 (8th Cir. June 9, 2022) (citing United States v. Torres-Ojeda, 829 F.3d 1027, 1030 (8th Cir. 2016) ("Where a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further.").

### D.  Certificate of Appealability

Under Slack v. McDaniel, 529 U.S. 473, 484 (2000), in resolving a § 2255 motion, the Court must issue a certificate of appealability on both its procedural

11

and substantive rulings, unless it makes certain findings. For its decisions on the merits, to deny a certificate of appealability, the Court must find that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. The Court finds that this requirement is satisfied as to the Court's decisions on the two substantive arguments Defendant made in his Motion and, therefore, the Court will not issue a certificate of appealability in this case.

## ORDER

Based on the foregoing reasons, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Doc. 778.) is **DENIED**;

2. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 22, 2023                     s/Michael J. Davis
                                        Michael J. Davis
                                        United States District Court